Mr. Sherry, if you would, would you update us on the state of things in this case? As I understand it, after the issues that were dealt with below in this case, that ultimately this permit issue came back up and has been resolved in March? The new Board of Supervisors that took after the election last year, the Board of Supervisors changed and they passed a resolution revoking the approval of the concept plan for these turbines. And that's in litigation currently. Shenandoah Hills Wind has brought suit against the county, challenging their ability to revoke the approval of the permits. So the permit that's on appeal here, is it in place or is it voided? The approval of the concept was revoked by the Board of Supervisors in March, I believe. But I don't think that settles the issues on appeal here. Because we were seeking a declaratory judgment as to the meaning of the wind ordinance, the Section 9 repealer that says it repeals all contrary ordinances, what effect that has on the same county's zoning ordinance that says nothing over two and a half stories and doesn't list commercial wind as a permitted use. So the challenge to the... That's right, you've got to have it tied to a particular dispute. Yes, that's correct. And I thought the concern is if the permit that is in dispute has been revoked, then is there still a controversy? Well, I agree, but I think the state, Iowa doesn't have the case and controversies provision in its constitution. But you're in federal court. Exactly. And that's why I think it should have been, should be remanded to the state court. Yeah, but I'm trying to understand whether there's a present case or controversy in federal court if the permit is revoked. On the federal question, no, I don't believe that there is. Which would mean that if there's no case or controversy, then they can't dismiss... Then they have no jurisdiction to do anything beyond or the other sidewalk. Correct. And there is no jurisdiction to dismiss the state claims. Oh, no. The case wasn't moved. The permit hadn't been revoked at that time. Yeah. You just lose any help from us. Well, I still think... There's no case or controversy at present. Right, but I still think I can ask for a declaratory judgment under the law of Iowa. Well, we don't have jurisdiction to do that. There's no controversy. I think that's what... The Judgment Act did not eliminate the need to have a case or controversy. That's correct for federal court. And what I'm saying is that supplemental jurisdiction arguments, Judge Pratt should never have addressed the state law issues to begin with. And if you decide that he should not have exercised supplemental jurisdiction and you now decide... How about a federal appellate authority for this proposition? For what proposition? I'm sorry. That if there's no case or controversy at present, so we have no federal... We have no jurisdiction to consider the substantive issues you argue. We still have jurisdiction to review the exercise of supplemental jurisdiction by the district court. If there's no current case or controversy? You just said there's no federal question. I don't think there is a federal question. What's the case or controversy? I don't know how, if there's no federal question, I don't know how Judge Pratt can take any of the actions he did. Because 1367 gives him discretion to do something at that time, as long as there was subject matter jurisdiction over the case. Right. There's a case or controversy. Right. And I disagree that... And the Court has now eliminated that. Well, I think the actual federal question, there was no case or controversy at the time that he made his decision. Am I right to infer the answer, I don't have one when I asked you for an authority on this? I think you have jurisdiction. I don't want, I know what you think and believe and hope. I'm asking you, you have authority. And I don't get an answer. No, I'm not with me right now, Your Honor. Have you researched it? I didn't think that this is mooted out. I think that there's still... And did you research appellate mootness? Yeah. Which we've written on a lot lately. Well, the issue was, I don't think there was a case or controversy at the time of removal either. I mean, the issue was, the void for vagueness argument was always based on the assumption that... Wasn't it diversity rule? Was it? Wasn't it diversity, was it federal question or... Yeah, it's a federal question. Because you put a federal due process claim. As an alternative, in anticipation of the defense that the county and Shenandoah Hills were going to take the position that the approval of the concept was a permit entitling them to begin construction of turbines. In ECF-19 and ECF-20, they did not take that position. Shenandoah Hills has said that they still have prerequisites to construction that need to be completed. And the county stated that no permits have been issued to construct turbines. At that point, there is no void for vagueness issue because the prerequisites to that are, there need to be road use agreements, there need to be... So the boards... It was based on the face of your complaint. Yeah, it was a non-justiciable question. It wasn't right. And Shenandoah Hills... Okay, then that's the federal court can decide that then. No, the sole... And did. The sole federal claim is that the wind ordinance is vague. That was based upon the permits having been issued in the prerequisites... You're ignoring 1367. I don't think so, Your Honor. If there's federal questions, subject matter jurisdiction, then the district court has removal jurisdiction. And then if the district court dismisses the federal claim for any reason, ripeness, whatever, it still has the authority to exercise discretion with respect to the supplemental claims. But the... And you're saying... I'm saying that... You're saying even though now we have a subsequent mooting event. 1441A, it says it has to be a case that could have been brought in federal court. And that void for vagueness claim... Is that even on appeal? Yeah, I believe it is. Yes, I mean... So you're saying that the 12 words weren't enough to give... No. What I'm saying is when at the time, as soon as they say that there are no permits and their construction is not allowed, the void for vagueness issue, it doesn't exist anymore. And it could not have been brought in federal court. So what's the impact on the federal court jurisdiction? Well, if you can't... If there was no case or controversy on the federal question... No, no, no, no. There was no jurisdiction to begin with. All I know is you failed to state a claim. On the federal question? Yeah. No. If it's not right, then... That's a failure to state a claim. Correct. But then the question becomes, well, the unanimity issue on whether or not to defend whether all the defendants that have been served had consented. And I think the evidence is pretty... The burden of proof is on them to show that... But if... I asked you for authority that even if we have... jurisdiction because of events that occurred after the district court ruled, what authority do you have that, oh, we can nonetheless review the initial removal, the unanimity, and most important, the exercise of supplemental jurisdiction? I thought you conceded you have no authority. You're just arguing it. We get new issues all the time. If there was no case or controversy at the time of removal... There was. I don't think so because no permits have been issued. And... The removal jurisdiction, case or controversy, is the base of your complaint. Right. It was an alternative contingent claim based upon... If the face of your complaint allows removal under federal question jurisdiction, now we go to the merits. And the first thing on the merits is, well, this isn't right. Okay, claim dismissed. Now I turn to my 1367 responsibilities. Correct. It seems to me that... You want that reviewed despite the fact that supervening events have deprived us of case or controversy jurisdiction over the appeal. Correct. So you agree that there's... I just want to make sure I'm understanding. Is there a current case or controversy over this alleged conflict between the There's no permit in place right now, so there's no controversy. No, there is an issue as to the meaning of the two ordinances. Well, I know there's an issue in the abstract. I mean, is there an issue about that as it affects this project right now? Or is this project discontinued because of this supervening? This project, they're still planning to go forward, and that's why... Right, but there's nothing happening because they don't have a permit to do so. Is that correct? They don't have permits to do so. That's correct. And they never have. And that's the issue, is that the admission, the void for vagueness only matters if they have permits to do something that is unclear whether that is allowed under either one of the ordinances. When the county... Then why shouldn't you have to wait until they get the permit that you dispute and then litigate whether that permit was properly issued? Well, I agree. I mean, the issue needs to be clarified as to the wind ordinance, which was adopted under the home rule authority of the county, not the zoning authority of the county, and whether or not... That issue being litigated in any other case? Yes, there is a case. The Fremont County half of the project is in Iowa State Court. That's on appeal to the Iowa Supreme Court. Which is what you wanted to do initially in this case, correct? That's correct. That is correct. Are you participating in that action? I am. There's also litigation that I mentioned before. Are you resisting the conclusion that this case is moot and should be dismissed? Well, I think... And then you can litigate your state law issues in the Fremont case. The facts are different. There's a few different facts that are of substantive importance. In particular, in Fremont County, they've signed a road use agreement. They've signed a decommissioning agreement. And that's not the case here. And those prerequisites haven't been satisfied, which is in the ordinance is a little bit different. And the other ordinances as adopted are different. So there are different facts. Okay. But, to me, the issue is there was no federal question at the time of removal that the removal was not unanimous, that Mr. Holmes had been served, or at least there's no evidence he was not served. And, therefore, under 1446, there was a lack of jurisdiction. Which, if it's been mooted on appeal, we don't have jurisdiction to rule on that. Period. The entire case hasn't been mooted. Counsel, you're well within your rebuttal time. Okay. I'll save this for last time. Thank you. Ms. Rogers? May it please the Court, my name is Christy Rogers and I represent Shenandoah-Hillsman. So are you going to fight appellate mootness? I'm not going to fight it. However, I can understand why the appellants would, given their position on the Open Meetings Act claims. I'm not sure. I don't know whether it's. . . Oh, you're saying open meetings might not be moot. Yes. Because the meetings happened and. . . Correct. If they're entitled to damages for a flawed meeting, that would still be live even if the permits. . . That is not my position. My position is that that was. . . You didn't mention that, but I see. . .  In addition. . . What about the rest, though? Yes. Is that moot or not? Well, it is our position that the county was without authority to revoke on the grounds that it did, and therefore the permit is still valid and should be being honored by the county, but it's not. So from our position, there's still a live issue with the permit. And just as a practical matter, because of the nature of projects such as this, you know, you have to get a generator interconnection agreement with MISO, the Mid-Continent Independent System Operator, who has authorization from FERC to monitor the grid in the middle of the country. And there's payments that have to be made all along the way to keep that active during this process. So we are still necessarily just to maintain the ability to construct once we get that lawsuit resolved, obtaining. . . Who's your client? Shenandoah Hills Wind Project. Yes. You're the developer. Correct. Do you think there's a live case because you're disputing the revocation of the permit? But that's on appeal in the state courts. No. So the. . . And I do need to correct some facts, actually. Is this in the record anywhere, by the way, these later developments? It is not. It is not. Given what the appellants were raising and what they were arguing because of the open meeting fact, we didn't evaluate it as a mootness issue. We thought you would need to resolve that. But I do want to correct some facts that appellants counsel raised. Well, I want to know this. I mean, this status stuff is critical. For one thing, we don't stand as a surrogate Supreme Court of Iowa. Of course. And lawyers who want to put an issue into both systems in the hopes they'll win somewhere get short shrift from me, frankly. And a case can be moot on some issues and not on others. Certainly. Can you say succinctly what the status is? Yes. That's part of the facts that I'd like to correct so I can give you kind of an update on what's happened. So, first of all, three days before the district court issued its decision here, appellants counsel filed in the adjoining county, Fremont, on the other half of the project. Very substantially similar claims. They changed where they asserted certiorari and where they didn't. And there were a few differences on the agreement claims. And then the Fremont County District Court dismissed that in June. And they have appealed that appeal. No briefing schedule has been set. And there's currently a motion for sanctions pending against appellants counsel in that district court. I suspect they will not set that for argument or briefing until that motion for sanctions is resolved. In addition, about six days, I believe, after the district court's decision here on January 25th, there was a letter that was prepared by the zoning administrator of Page County stating that because three turbines were no longer being built, that that amounted to a material change requiring an entirely new application process. And therefore, there was no more approval. And that decision was appealed to the county and also directly to the district court. It was appealed to the county as an appeal of the zoning administrator's decision. It's unclear whether that's actually the correct route because this was a home rule ordinance under Chapter 331 of the Iowa Code rather than a zoning ordinance under Chapter 335 of the Code. Chapter 335 has, it sets the powers of a Board of Adjustment. So there was that process of appealing to the Board of Adjustment was conducted during that month. And at the same time, an appeal was prepared directly of the supervisor's decision as well. So there's... To whom? So there's... To whom did you appeal to the supervisor? Yes. Yeah. And it's not really an appeal. Both of those were in a district court action that's now pending in the... District court? Yes. No. No. Sorry. The Southern District of Iowa. There's a case in the Southern District of Iowa pending over all of the rescinding of the approval. So it's not an appeal. It's a federal lawsuit. I understand that. I misspoke because the exhaustion procedure, if it applies, is an appeal. So what's the connection between that action in the Southern District of Iowa and the permit that was at issue in this case? So the permit that was at issue in this case is the use permit pursuant to the Home Rule Ordinance. That is the permit or the approval that was allegedly revoked on the basis of the lack of construction of three turbines. More than allegedly, right? In practice. In the final action of the county? In practice, yes. And your action in the Southern District of Iowa is challenging that revocation? Yes. Trying to get the U.S. District Court to order the permit, the county action to be vacated or something? Well, there's a federal takings issue there, and there was procedural due process issues. There was no procedural due process, and there was... So the relief you're seeking is vacature of this county zoning administrator's action? Correct. Okay. So where does that leave? Is this case moved or not, then? Other than the open records? Yes. I mean, the action that is pending in the Southern District of Iowa now, I believe, is a very, very clear-cut action. So the permit will be reinstated. That's what I believe will happen. I think that's what that... I don't know what to tell you as far as whether you should be deciding that. Yeah, that's a difficult question to me. But I do know there's aspects of this, the open meetings and they allege... I think you can say for sure. The little bit I understand, which is not enough, I don't think you can say that even if the permit is reinstated, it will be exactly the same permit as at issue here. It will. Yes, it will. That's what you're seeking. Well, we've got three less turbines, so the state court may say that, you know, okay, yes, it's a material change, but it doesn't invalidate it in its entirety. And I don't mean to get into the merits of that case. Then we're being asked to rule on a water over the dam permit. And I don't want to get into the merits of that case if you don't want me to, but I think I can help explain why I don't believe it's a different permit. Well, no, I don't know. The question is, is that possible? I don't see anything that gives us jurisdiction over what's been appealed. I understand. And are you arguing to the contrary? I thought first you said, well, yes, but I understand why they don't like this. I am just trying to make sure that you have the facts so you can decide what you need to decide. That's been helpful, but it seems to me it leaves us where I thought we were. Would a decision in this case have any impact on the case in the Southern District? Not until it's decided. I guess if you decided that the ordinance or the approval, if you decided that the ordinance and the approval were invalid, then that case would be moot. If the appellants are asking us to rule on the validity of the permit that has been revoked, but which might be reinstated, is that how you see it? So the Open Meetings Act claim. No, not about the Open Meetings Act. Well, it is, that's how they would do it. So they are not, well, they're not appealing the certiorari as to the approval. But they're saying that the fact that they pled their Open Meetings Act claim within their certiorari was not binding on the Court and the Court should have separated that out. And under the Open Meetings Act, if an action is taken and you appeal it or, you know, you challenge it within six months, then invalidation can occur. You mean one remedy for violation of the Open Meetings Act would be invalidation of the permit? Correct. And just to get to Judge Loken's point a few minutes ago about whether it would be the same permit, the application was a request for a permit, excuse me, for a wind energy conversion system of up to a certain number of turbines. And that is typically how these applications are applied for, because at the time of construction, there are different factors that may require not building every turbine, and you don't actually have the turbine selected yet typically until the building. So because it's an up to, you're saying it would be the same permit, no matter how many turbines are built. And the three turbines at issue, there was an, in the application, it disclosed that there was a radio tower and that the applicant was in communications with the owner of the radio tower. And if they could not reach an agreement about mitigation measures, they would not build those three turbines. And then once the agreement was reached, they were sent a permit. I can't remember a case where I thought we were being more clearly asked for an advisory opinion than this. Do you have any comment on that? I do not. You think that's what's happening or not? It depends on your positions on the Open Meetings Act claim. My position is that the Open Meetings Act claim was pled in certiorari and therefore could not be joined separately and seek separate independent remedies from certiorari remedies. So in my opinion, the Open Meetings Act claims are not independent claims that would support jurisdiction. But what you're saying, I mean, you said, Judge Smith asked, the impact on the Southern District of Iowa, well, not until it's decided. So you're just saying that our ruling on that issue would then be input into a pending federal case and goodness knows how many pending state court cases. I gather some of this complexity is the uncertainty and limitations within the Iowa administrative law appellate thing. The certiorari law? The appeal of what and when. You know, the official. Well, we took both paths and were able to get them both in the same action within 30 days within the certiorari limitations. So it actually doesn't matter. The district court doesn't have to decide that issue to rule. You're in federal court. I agree. Why aren't you in state court? Because there were federal issues. The takings clause is at issue and because the procedural due process clause is at issue. I've been told by the U.S. Supreme Court they have jurisdiction to decide almost any federal question. Well, the federal judge who made the decision initially was, you know, still able, he was completely familiar with the facts and frankly it seemed pretty insulting to his decision to us for the county to revoke on such weak grounds immediately after his decision. And the fact that that occurred and there were also federal issues in play, that's why we brought him to federal court. All right. Thank you, Ms. Rogers. Thank you, Your Honor. Mr. Craig. May it please the Court. My name is Jason Craig and I am representing Page County, Iowa, and the Page County Board of Supervisors in this appeal and this lawsuit. I do want to say that I am not the counsel of record in any of those other proceedings that have been discussed, so I'm not going to be able to talk as authoritatively about what's going on in those other cases as Ms. Rogers. But I guess in my opinion on the question of mootness, the action here is challenging the wind turbine application that was approved by the county after this order by the district court dismissing the case. My understanding is that permit was allegedly revoked. That situation is currently under review. Allegedly? I mean, what does the record tell us? Has it been revoked? They withdrew, allegedly withdrew, yeah, the county withdrew the permit on the basis of what they thought was a material change in the project. Shenandoah Hills has now challenged that and is asking for that permit. So they actually revoked it. It's just now being challenged as to whether the revocation is valid. That's correct, Your Honor. So I don't know that the case has been mooted necessarily, but maybe it's a ripeness issue in that if the court didn't. But it's not an alleged revocation. They've actually done that. Yes. It's just whether or not that stands. That's correct, Your Honor. It's currently withdrawn. That withdrawal is subject to review in the Southern District of Iowa. They could reinstate the permit, which would mean we have a live controversy again. But for right now, it appears that the controversy is not ripe. The county's position, I assume, is the revocation was proper. That's correct. And again, I'm. . . Your position in this Federal case, this new Federal case, that would be your position there. I'm not representing the county in that, Your Honor. Well, you represent the county here. Yes. Is that the county's position there? Yes, that it was a proper. . . Proper revocation. Exactly, Your Honor. And it looks like I'm already out of time unless there's any other questions. I have one other question. Even if this case were live, is the zoning, the alleged conflict between the wind ordinance and the zoning ordinance, would that be ripe even in this case? Or is that an issue that would come up at the next layer of approvals? I understood there were more permits required in this matter, even beyond what was obtained here. That's certainly an issue that would be dealt with in the building permit, which is a subsequent permit. If there were a conflict between the height requirements and the zoning ordinance and the building permit, that is something that could be litigated with the Board of Adjustment and then appealed to Iowa District Court. Now, they are. . . When the building permit is issued, if somebody says that that's improper because of the zoning ordinance. . . That's correct. That issue could be raised. That's correct. Now, the plaintiffs in this case did argue that the ordinance itself was invalid based on the statute you're talking about, and so they've kind of bootstrapped that in. But I agree that that could be challenged later when a building permit is issued. Thank you, Mr. Crewe. Thank you, Your Honor. Mr. Scherer? You know, at some point during this entire proceeding, every single party had joined the motion to remand. At the only hearing held, the county who removed the case had joined the motion to remand, and Defendant Holmes had joined the motion to remand. And the only party, Shenandoah Hills, in their very first briefing, their response to the TRO motion, argued that the plaintiffs had lacked standing to bring the void for vagueness claim. They changed that to, well, we didn't mean Article III standing. We meant prudential standing, which is the route Judge Pratt went down. But when all the parties, named parties, are joining a motion to remand, and there's questions as to unanimity, the Court never had jurisdiction under 41A. It threw 1446C due to lacking unanimity, and so no decision should have been made in this case. If you have any questions, I'm done. Thank you, Mr. Scherer.